IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BILLY D. PALMER, #B74805,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−0585−MJR |
| | ) | |
| **JOHN BALDWIN, and** | ) | |
| **MATTHEW SWALLS,** | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Billy Palmer filed this action on June 2, 2017 pursuant to 42 U.S.C. § 1983. (Doc. 1). On July 17, 2017, this Court dismissed Plaintiff's Complaint for failure to state a claim upon which relief may be granted. (Doc. 7, p. 7). Plaintiff filed a Motion to Dismiss Case (Doc. 8) on July 21, 2017 in an attempt to avoid the filing fee, but the motion was later deemed withdrawn when Plaintiff notified the Court that he would rather continue the action if he would be unable to avoid paying the fee. (*See* Docs. 12, 13). On August 2, 2017 and August 10, 2017, Plaintiff was reminded of his obligation to submit a properly signed amended complaint no later than August 14, 2017, as he was originally ordered to on July 17, 2017, if he wished to further pursue his claims. (*See* Docs. 7, 11, 13). Plaintiff was also warned on each occasion that if he failed to timely submit an amended complaint, his case would be dismissed with prejudice and a strike pursuant to 28 U.S.C. § 1915(g) would be assessed. *Id.*

Plaintiff's deadline has now passed, and he has not submitted an amended complaint. He also has failed to request an extension of the deadline for doing so.

1

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court and failure to prosecute. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Because the Complaint (Doc. 1) was originally dismissed for failure to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). (*See* Doc. 7, p. 7).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 22, 2017**

                  **s/ MICHAEL J. REAGAN**
                  **Chief Judge**
                  **United States District Court**